Mr. John P. Parsons Commissioner Credit Union Department 914 East Anderson Lane Austin, Texas 78752
Re: The authority of state-chartered credit unions to charge rates of interest authorized under federal law
Dear Mr. Parsons:
You have requested our opinion as to whether state-chartered credit unions are authorized to charge rates of interest that are set by federal law.
Article XVI, section 11 of the Texas Constitution provides in pertinent part:
 The Legislature shall have authority to classify loans and lenders, license and regulate lenders, define interest and fix maximum rates of interest. . . .
Pursuant to this mandate, the legislature enacted as a part of the Texas Credit Union Act, article 2461-7.01, V.T.C.S., which provides:
 If made in accordance with rules and regulations promulgated by the commissioner, a credit union may make loans to members . . . at rates of interest not exceeding one percent per month on the unpaid monthly balance. (Emphasis added).
Your question concerns the recently enacted federal law, the Depository Institutions Deregulation and Monetary Control Act of 1980, Pub.L. No. 96-221 (1980). Section 310 of Pub.L. No. 96-221
amended the Federal Credit Union Act, 12 U.S.C. § 1757(5)(A)(vi), to increase the authorized maximum rate of interest from 12% to 15% per annum for credit unions which were organized in accordance with the provisions of the Federal Credit Union Act. It should be noted that section 310 did not purport to preempt state law to make this provision applicable to state-chartered credit unions.
The Texas Credit Union Act in article 2461-4.03, V.T.C.S., provides:
 The commissioner by rule or regulation may authorize credit unions organized under this Act to engage in any activity in which the credit unions could engage if they were operating as federally chartered credit unions at the time authority is granted, if on investigation or hearing, the commissioner finds it necessary to preserve and protect the welfare of the credit unions and to promote the general economy of this state. (Emphasis added).
Specifically, you have asked whether pursuant to article 2461-4.03 the Commissioner may issue a regulation authorizing state-chartered credit unions to charge the rate authorized in section 310 of Pub.L. No. 96-221.
In a previous opinion from this office, it was established that the authority to establish maximum interest rates lies solely with the legislature. See Attorney General Opinion MW-17 (1979). If it does not enact such statutes, the constitution itself fixes a ten per cent maximum. Furthermore, the legislature may not delegate its power to establish maximum interest rates. See Letter Advisory No. 146 (1977). Therefore, article 2461-4.03, V.T.C.S., does not give the credit union commissioner the authority to issue a regulation authorizing state-chartered credit unions to charge a greater rate of interest than that authorized by the legislature in article 2461-7.01, V.T.C.S.
 SUMMARY
Article 2461-4.03, V.T.C.S., does not give the credit union commissioners the authority to issue a regulation authorizing state-chartered credit unions to charge a greater rate of interest than that authorized by the legislature.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Mitch Winnick Assistant Attorney General